UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LOGAN HYLTON,

                       Plaintiff,

-against-                                     05-CV-2355
                                                          (SJF)(ARL)

ALL ISLAND CAB CO. and
ALICIA DOMINGUEZ,                         **OPINION AND ORDER**

                       Defendants.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

I.      Introduction

Pending before the Court is the complaint of pro se plaintiff Logan Hylton ("plaintiff") and an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is granted and the complaint is dismissed sua sponte with prejudice.

II.     Background

Plaintiff alleges that on November 2, 2004, he was injured in a one-car motor vehicle accident while riding in a cab owned by defendant All Island Cab Co. ("All Island") and operated by defendant, Alicia Dominguez, ("Dominguez"). On May 16, 2005, plaintiff commenced this putative civil rights action under 42 U.S.C. § 1983 (section 1983), alleging claims for negligent hiring and retention against All Island and for negligence and reckless driving against Dominguez[1].

---

[1] Although plaintiff's claims sound in negligence and recklessness only, he filed this action using a standard clerk's office form for the commencement of a civil rights action under section 1983. Accordingly, I will address both his negligence claims and any potential section 1983 claim.

Plaintiff seeks an unspecified amount of monetary damages as compensation for past and future medical expenses and for pain and suffering.

III. Discussion

    A. <u>In Forma Pauperis</u> Application

Upon review of plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that his financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed <u>in forma pauperis</u> is granted.

    B. Plaintiff's Pleadings

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers . . . .'" <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" <u>McPherson v. Coombe</u>, 174 F.3d 276, 280 (2d Cir. 1999) (quoting <u>Burgos v. Hopkins</u>, 14 F.3d 878, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. <u>Traguth v. Zuck</u>, 710 F.2d 90, 92 (2d Cir. 1983).

    C. Section 1983 Claim

42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Plaintiff fails to allege that All Island or Dominguez (collectively, defendants) are state actors or that they were acting under color of state law. Moreover, plaintiff does not allege that defendants' conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Accordingly, plaintiff's section 1983 claim is dismissed sua sponte with prejudice.

D. Negligence Claims

To the extent plaintiff is alleging state law claims for negligence and recklessness, federal jurisdiction is unavailable under 28 U.S.C. § 1332 because plaintiff and defendants appear to be citizens of the State of New York and, therefore, diversity of citizenship is not complete. See, Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373-374, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)(holding that § 1332 requires complete diversity of citizenship and that diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant); see also Herrick Co. v. SCS Communications, Inc., 251 F.3d 315, 322 (2d Cir. 2001)(accord). Accordingly,

plaintiff's claims are dismissed <u>sua sponte</u> for lack of subject matter jurisdiction.

E. Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991); <u>see also</u> <u>Cortec Indus., Inc. v. Sum Holding L.P.</u>, 949 F.2d 42, 48 (2d Cir. 1991). However, since even a liberal reading of the complaint does not indicate that a valid federal claim can be stated, dismissal is without leave to amend the complaint. <u>See, Fitzgerald v. First East Seventh Street Tenants Corp.</u>, No. 99 Civ. 6051, 1999 WL 675996, at * 1 (S.D.N.Y. Aug. 31, 1999), <u>aff'd</u>, 221 F.3d 362 (2d Cir. 2000)(*sua sponte* dismissing complaint and denying leave to amend the complaint on the grounds that any such amendment would be futile); <u>Cummings v. Giuliani</u>, No. 00 Civ. 6634, 2000 WL 1597868, at * 4 (S.D.N.Y. Oct. 24, 2000)(accord).

CONCLUSION

It is hereby,

**ORDERED** that plaintiff's request to proceed <u>in forma pauperis</u> is granted; and it is further

**ORDERED** that plaintiff's complaint is dismissed <u>sua sponte</u> with prejudice and the Clerk of the Court is directed to close this case; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this order and plaintiff's authorization form to the superintendent of the facility in which plaintiff is incarcerated; and it is

4

further

**ORDERED** that the superintendent shall forward to the Clerk of the Court a certified copy of plaintiff's trust fund account statement for the six (6) month period immediately preceding the filing of the complaint; and it is further

**ORDERED** that the agency holding plaintiff in custody shall calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the Court.

SO ORDERED

_____
Sandra J. Feuerstein, U.S.D.J.

Dated: Central Islip, New York
June 29, 2005

Copy to:

Logan Hylton
04009185
E2H41
100 Carman Ave
East Meadow, New York 11550